Alvard NERSESYAN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–74851.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 13, 2007.

David L. Ross, Esq., Ross, Rose & Hammill, LLP, Beverly Hills, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Don G. Scroggin, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Alvard Nersesyan, a native and citizen of Armenia, petitions for review of the denial of her application for asylum, withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

The BIA rejected the IJ's adverse credibility findings, but dismissed Nersesyan's appeal for failure to show persecution. We limit our review to the BIA's decision, except to the extent the IJ's opinion is expressly adopted. *Cordon–Garcia v. I.N.S.*, 204 F.3d 985, 990 (9th Cir.2000).

We review for substantial evidence the determination that a petitioner is ineligible for relief and will grant the petition only if the evidence compels a contrary conclu-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sion. *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir.2006).

The BIA concluded that Nersesyan failed to establish that the alleged acts against her rose to the level of persecution. Substantial evidence supports the BIA's conclusion. Nersesyan testified that she was detained for three days after attending a demonstration and that police officials later threatened to tell her children they would kill her if she participated in another 21st Century Association meeting. The evidence does not compel the conclusion that the actions toward her amounted to persecution. *See Lanza v. Ashcroft*, 389 F.3d 917, 934 (9th Cir.2004) (being blacklisted and on one occasion "pushed, punched, called names and threatened with her life" do not rise to past persecution). Petitioner failed to provide direct and specific evidence to support a well-founded fear of future persecution. *See Cordon–Garcia*, 204 F.3d at 990.

Because Nersesyan's asylum petition fails, her petition for withholding of removal also fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Nersesyan's claim for protection under the CAT fails because she has not shown that it is "more likely than not" that she will be tortured if she returns to Armenia. 8 C.F.R. § 208.16(c)(2); *see also Nuru v. Gonzales*, 404 F.3d 1207, 1221 (9th Cir. 2005).

PETITION FOR REVIEW DENIED.